■ JOHN SAGARIA et al., Appellants, v BANK OF NEW YORK COMPANY, INC., Respondent, et al., Defendants. [861 NYS2d 376]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated October 25, 2006, as granted those branches of the motion of the defendant Bank of New York Company, Inc., which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff John Sagaria, the president of the plaintiff J & J Computing, Inc. (hereinafter JJ), obtained a series of loans from the defendant Bank of New York Company, Inc. (hereinafter BNY). As collateral for the loans, Sagaria pledged the assets of JJ. He also executed personal guarantees. Sagaria subsequently defaulted on the loans, and BNY obtained a judgment against both Sagaria and JJ. BNY held a public auction of the collateral securing the loans, but the proceeds were insufficient to satisfy the judgment. The plaintiffs thereafter commenced this action against BNY alleging, inter alia, that BNY breached a contractual obligation to maintain a perfected security interest in the assets of JJ, resulting in a diminution of the value of the same, and that BNY failed to act in a commercially reasonable manner with respect to the sale of the collateral. After the completion of discovery, BNY moved, inter alia, for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against it, and the Supreme Court, among other things, granted those branches of the motion. We affirm.

In support of its motion, BNY demonstrated, prima facie, that it did not violate a contractual obligation to maintain a security interest in the assets securing the loans, and that it acted in a commercially reasonable manner with respect to the sale of the collateral (*see Executive Bank of Fort Lauderdale, Fla. v Tighe*, 54 NY2d 330, 338 [1981]; *DeRosa v Chase Manhattan Mtge. Corp.*, 10 AD3d 317 [2004]; UCC 9-610, 9-611, 9-627 [b] [3]). In opposition, the plaintiffs failed to raise a triable issue of fact. Thus, the Supreme Court properly granted those branches of the motion of BNY which were for summary judgment dismissing the plaintiffs' first, second, and fourth causes of action insofar as asserted against it.

The plaintiffs' contentions concerning an award of an attorney's fee are not properly before this Court on appeal, and the plaintiffs' remaining contentions are without merit. Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.